# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PERFORMANCE HORIZON INC.,

**DEFENDANTS**
DORMIFY, INC.,

**(b)** County of Residence of First Listed Plaintiff: Luzerne, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Noah S. Cohen, Esquire - Weir Greenblatt Pierce LLP
1339 Chestnut St, Suite 500, Philadelphia, PA 19107

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [x] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1836 et seq

Brief description of cause:
Breach of Contract and trade secret misappropriation.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Aug 1, 2024
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 900 Rutter Avenue, Floor 3, Forty Fort, PA 18704

Address of Defendant: 286 Fifth Avenue, 11th Floor, New York, NY 10001

Place of Accident, Incident or Transaction: 900 Rutter Avenue, Floor 3, Forty Fort, PA 18704

---

*RELATED CASE IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: August 1, 2024     _____ (signature)     313849
                         Attorney-at-Law *(Must sign above)*     Attorney I.D. # *(if applicable)*

---

**Civil** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [✓] All Other Federal Question Cases. *(Please specify)*: 880 Defend Trade Secrets Act 1996

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*:_____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Noah S. Cohen, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: August 1, 2024     _____ (signature)     313849
                         Attorney-at-Law *(Sign here if applicable)*     Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERFORMANCE HORIZON INC., d/b/a Partnerize 900 Rutter Avenue, Floor 3, Forty Fort, PA 18704<br><br>            Plaintiff,<br><br>       v.<br><br>DORMIFY, INC., 286 Fifth Avenue, 11th Floor, New York, NY 10001<br><br>            Defendant. | CIVIL ACTION NO. 2:24-cv-3634<br><br>JURY DEMANDED |

**COMPLAINT**

Performance Horizon Inc. d/b/a Partnerize ("Partnerize") brings this Action against Dormify, Inc. ("Dormify" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for damages and injunctive relief arising out of Defendant Dormify's breach of contract and trade secret misappropriation.

2. On or about September 26, 2012, Dormify, a retail company, contracted with Partnerize, a leading affiliate marketing technology and services provider, to acquire access to Partnerize's best-in-class affiliate marketing technology, services, and network.[1]

3. Dormify has renewed its contract with Partnerize every year thereafter.

4. Judged by any objective standard, the relationship between Dormify and Partnerize was successful and profitable for both companies. For example, Dormify reaped nine times more affiliate-marketing revenue in 2023 than it did in 2017.

5. Dormify, however, has violated numerous contractual obligations to Partnerize. In fact, Dormify has failed to timely pay each monthly invoice since July of 2023.

---

[1] The 2012 Agreement was between Dormify and GSI Media, Inc. d/b/a Pepperjam. In July of 2020, Partnerize acquired Pepperjam. Partnerize and Pepperjam will be used interchangeably throughout the Complaint to refer to Plaintiff—Dormify's exclusive affiliate-marketing provider.

6. Dormify has also misappropriated Partnerize's confidential information and trade secrets.

7. As a direct result of Dormify's wrongful conduct, Partnerize has suffered and will continue to suffer damages and irreparable harm.

8. Partnerize brings this action to enforce its contractual and statutory rights against Dormify.

## PARTIES

9. Performance Horizon, Inc. is a Delaware corporation with its principal place of business located at 900 Rutter Avenue, Floor 3, Forty Fort, PA 18704.

10. On information and belief, Dormify, Inc. is a Delaware corporation with its principal place of business located at 286 Fifth Avenue, 11th Floor, New York, NY 10001.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Partnerize's claims brought under the Defend Trade Secrets Act, pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over Partnerize's state law claims pursuant to 28 U.S.C. § 1367.

12. As set forth in detail below, the Parties' Agreement, which gives rise to the claims alleged in this Complaint, vests "exclusive jurisdiction and venue of courts in Philadelphia, Pennsylvania, U.S.A. for all disputes arising out of or relating to this Agreement." Therefore, Dormify has consented to this Court's jurisdiction. Moreover, venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

**I.   BACKGROUND**

13. Partnerize is a leading affiliate marketing technology and services provider.

14. Partnerize's Publisher Network allows brands to partner with content publishers, which are relevant to a brand's products and services. Partnerize facilitates performance-based, cost-per-action agreements between brands and publishers.

15. Partnerize's proprietary, dynamic attribution technology allows businesses to identify the most effective advertising channels and ensure appropriate commissions for top market influencers. Partnerize also provides users with insights regarding conversion rates and compliance violations, among other valuable analytics.

16. In short, Partnerize helps publishers monetize their content and brands sell more goods by presenting consumers with products relevant to their specific interests.

17. Dormify is a direct-to-consumer, e-commerce, and retail brand that creates bedding and decor items specifically designed for small spaces., which availed itself of Partnerize's affiliate marketing technology and services to aid its sales.

18. In September of 2012, Dormify contracted with Pepperjam to engage its services and acquire access to its affiliate marketing technology, services, and network.

19. Dormify renewed its contract with Pepperjam numerous times between 2012 and 2023.

20. In February of 2023, Dormify renegotiated its contract with Partnerize to add its new website Dormroom.com. The terms outlined in the February 28, 2023 affiliate marketing agreement (the "Agreement"), which went into effect on March 6, 2023, govern Dormify's relationship with Partnerize.

21. The Agreement is a nine-page document that is comprised of a five-page contract titled Order Form for Affiliate Publisher Network Services, which was signed by Dormify's authorized representative on February 28, 2023, and the four-page document entitled Pepperjam Advertiser General Terms and Conditions, which is incorporated in Paragraph 2 of the Agreement.

22. Pursuant to Paragraph 8 of the Agreement, the Agreement was automatically renewed for an additional 12-month term on March 6, 2024. The parties affirmed this understanding in a December 7, 2023 amendment to the Agreement, which removed Dormroom.com from Dormify's account. Specifically, Paragraph 4 of Amendment One provided that "[e]xcept as set forth in this Amendment One, all other terms and conditions of the Agreement remain unchanged and in full force and effect."

23. On information and belief, prior to the 2012 contract, Dormify did not have an existing affiliate advertisement program. Thus, at the time Dormify first contracted with Partnerize, it did not have any affiliate relationships with any publishers.

## II. MATERIAL TERMS OF THE AGREEMENT BETWEEN PARTNERIZE AND DORMIFY

24. Through the Agreement, Dormify agreed to pay Partnerize a transaction fee and a monthly program management fee.

25. Dormify agreed that Partnerize will serve as its "exclusive" affiliate marketing provider.

26. Dormify agreed to indemnify Partnerize "for any claims by such Program Publishers that result from the Advertiser's failure to pay Pepperjam for the Program Publisher Payments."

27. Dormify agreed to pay all invoices within 30 days of receipt.

28. Dormify agreed that all invoices would "be deemed approved" if Dormify did not provide written notice of a dispute "within thirty (30) days of the applicable invoice date (the 'Dispute Notice Period')."

29. Dormify agreed to pay 1.5% interest per month on late payments.

30. Dormify agreed to pay "all" of Partnerize's "internal and external expenses (including attorney's fees and costs) incurred in the collection of any overdue and unpaid invoices."

31. Dormify also agreed to protect Partnerize's confidential and trade secret information.

32. Dormify further acknowledged Partnerize's proprietary relationships with program publishers and agreed not "to solicit, induce, recruit, or encourage any such publishers for the purpose of obtaining any such marketing services elsewhere." (the "non-circumvention provision").

33. The Agreement also includes a governing law and choice of forum provision that provides that the Agreement "is governed by the laws of the Commonwealth of Pennsylvania, U.S.A. without reference to conflicts of law principles [and that] both parties consent to the exclusive jurisdiction and venue of courts in Philadelphia, Pennsylvania, U.S.A. for all disputes arising out of or relating to this Agreement."

### III. DORMIFY BREACHED ITS OBLIGATION TO MAKE TIMELY PAYMENTS.

34. As noted above, Dormify promised to timely pay each invoice within 30 days of issuance, but Dormify has failed to pay any invoice since July of 2023.

35. At present, Dormify has failed to pay 25 monthly invoices—totaling $526,164.95.

36. As a result, Dormify currently owes more than $67,000 in interest.

37. Despite Partnerize's repeated, good-faith efforts to resolve this dispute, Dormify simply refused to pay their invoices, dragged its feet, or failed to respond.

38. Notably, Dormify never disputed a single invoice or questioned their payment obligations, including the interest compounding on its late payments. If anything, Dormify affirmatively acknowledged its ongoing breach.

### IV. DORMIFY BREACHED THE NON-CIRCUMVENTION AND EXCLUSIVITY PROVISIONS.

39. On information and belief, Dormify understood that the non-circumvention and exclusivity provisions precluded it from simply migrating its affiliate program to a competing platform without compensating Partnerize.

40. The non-circumvention and exclusivity provisions are important to Partnerize's business because Partnerize expends substantial resources to develop a network of trusted and verified Publishers, and to maintain its relationships with those Publishers.

41. Partnerize also expends substantial resources in developing and maintaining proprietary technology that helps match brands and campaigns with Publishers likely to receive those brands and campaigns favorably.

42. In the course of using Partnerize's services, Partnerize clients by necessity acquire such information. The non-circumvention and exclusivity provisions of Partnerize's contract are designed to prevent Partnerize clients from obtaining the benefit of Partnerize's hard work without compensating Partnerize adequately for its services.

43. On information and belief, Dormify joined a competitor's affiliate-marketing program on July 9, 2024 and started serving ads with Partnerize's Program Publishers shortly thereafter.

## FIRST CAUSE OF ACTION

### Breach Of Contract

44. Partnerize realleges and incorporates by reference all prior paragraphs of this Complaint and the paragraphs in the cause of action below as though fully set forth herein.

45. The Agreement between Partnerize and Dormify constituted a valid enforceable agreement.

46. Partnerize performed all of the duties and obligations it agreed to and owed Dormify under the Agreement.

47. Under the Agreement, Dormify is prohibited from (1) circumventing or attempting to circumvent Partnerize by utilizing Program Publishers for services capable of being tracked within the Network during the Term, (2) soliciting, inducing, recruiting, or encouraging any publishers on Partnerize's platform for the purpose of obtaining similar marketing services elsewhere, and (3) taking or utilizing Partnerize's confidential, proprietary information.

48. Under the Agreement, Dormify is also precluded from terminating the Agreement during the initial term or any subsequent renewal term, absent a material breach by Partnerize and its failure to cure after sufficient written notice thereof.

49. In breach of the Agreement, on information and belief, Dormify (1) circumvented or attempted to circumvent Partnerize by utilizing Program Publishers for services capable of being tracked within the Network during the Term, (2) solicited, induced, recruited, or encouraged

publishers on Partnerize's platform for the purpose of obtaining similar marketing services elsewhere, and/or (3) took or utilized Partnerize's confidential information.

50. In further breach of the Agreement, Dormify has failed to pay and intends not to pay Partnerize the agreed upon fees and costs, which remain due during the duration of the renewal term.

51. Because of Dormify's breaches, Partnerize has been irreparably injured and continues to face irreparable injury. Partnerize is threatened with losing the value of its confidential and proprietary information, along with income and goodwill, for which a remedy at law is inadequate.

52. As a direct and proximate result of Dormify's breaches, Partnerize has also suffered and continues to suffer substantial damages, in an amount to be proven at trial, and is entitled to an award of exemplary damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**Violation of Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*.**

53. Partnerize realleges and incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

54. The Defend Trade Secrets Act ("DTSA") broadly defines "trade secrets." *See* 18 U.S.C. §§ 1836, 1839.

55. Partnerize owns and possesses certain confidential, proprietary, and trade secret information, as described above. Such confidential information includes, for example, Partnerize's: (a) list of network publishers, (b) pricing information, including specifically-negotiated prices, and (c) other sensitive, non-public information about Partnerize, its business, its customers, and its employees.

56. Partnerize's confidential, proprietary, and trade secret information relates to products and services used, sold, shipped and/or ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

57. Partnerize has taken reasonable measures to keep such information secret and confidential.

58. Partnerize has maintained stringent security measures to preserve the secrecy of such information. These efforts include, but are not limited to, the use of passwords and encryption to protect data on its computers, servers, and source code repositories, the use of magnetic keycards and security logs at Partnerize's offices, and the use of confidentiality agreements and non-disclosure agreements—including with Dormify in this case—to require customers, vendors, partners, contractors, and employees to maintain the secrecy of Partnerize's confidential information. Due to these security measures, Partnerize's confidential, proprietary, and trade secret information is not available for others to use through any legitimate means.

59. Partnerize's confidential, proprietary, and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the information.

60. In violation of Partnerize's rights and the DTSA, Dormify, on information and belief, misappropriated Partnerize's confidential, proprietary, and trade secret information in the improper and unlawful manner as alleged herein. On information and belief, Dormify's misappropriation of Partnerize's confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

61. On information and belief, Dormify has used Partnerize's trade secrets and/or disclosed Partnerize's trade secrets to one or more of Partnerize's direct competitors.

62. Dormify knew that Partnerize's trade secrets (a) are confidential; (b) were acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use; (c) were developed or acquired by Partnerize at great expense and effort; (d) are maintained as confidential and are not generally available to the public or Partnerize's competitor; (e) would provide significant benefit to a competitor seeking to compete with Partnerize; and (f) are critical to Partnerize's ability to conduct its business successfully.

8

63. On information and belief, if Dormify is not enjoined, Dormify will continue to misappropriate Partnerize's confidential, proprietary, and trade secret information for its own benefit and to Partnerize's detriment.

64. As the direct and proximate result of Dormify's conduct, Partnerize has suffered and, if Dormify's conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. As a further direct and proximate result of the misappropriation of Partnerize's confidential, proprietary and trade secret information, Dormify has been unjustly enriched.  Because Partnerize's remedy at law is inadequate, Partnerize seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and to protect other legitimate business interests. Partnerize's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

65. As a direct and proximate result of Dormify's misappropriation of Partnerize's confidential, proprietary, and trade secret information, Partnerize has suffered and continues to suffer substantial damages, in an amount to be proven at trial, and is entitled to an award of exemplary damages, attorneys' fees, and costs.

## JURY DEMAND

66. Plaintiff demands a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Partnerize respectfully requests the following relief:

67. Judgment in Partnerize's favor and against Dormify on all causes of action alleged herein;

68. For preliminary and permanent injunctive relief;

69. For damages, including unjust enrichment and reasonable royalties, in an amount to be proven at trial;

70. For contractual interest;

71. For prejudgment interest;

72. For attorneys' fees and costs; and

73. For such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: August 1, 2024

/s/ Noah S. Cohen

Noah S. Cohen, Esquire (PA Bar No. 313849)
**WEIR GREENBLATT PIERCE LLP**
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
(215) 241-7766
ncohen@wgpllp.com

Spencer G. Scharff, Esquire
(*Pro Hac Vice* forthcoming)
**SCHARFF PC**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
(602) 739-4417
spencer@scharffplc.com

*Counsel for Plaintiff*